UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-CR-60145-ZLOCH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

LUKE SINGLETARY,

        Defendant.
_____/

**ORDER**

      This matter is before the Court upon the Motion of Jason Grey, Esq., to Unseal Transcript of the Hearing on Defendant's Motion to Dismiss Counsel [D.E. 123], upon referral by the Honorable William J. Zloch. *See* D.E. 125. The Court has reviewed the pending Motion, the Court file in this case, and the Court file in *Singletary v. Grey*, Case No. 10-23737-CIV-SEITZ (S.D. Fla.), and, for the reasons set forth below, now denies the pending Motion without prejudice to renew.

      Mr. Grey previously served as counsel for Defendant Luke Singletary in this case. During the course of Mr. Grey's representation of Defendant, however, Defendant filed a motion with the Court seeking to relieve Mr. Grey of his appointment and to appoint another attorney in his place. Among other reasons set forth for his request, Defendant asserted that he had filed "a 1983 civil complaint against Jason Grey . . . ." D.E. 113. The Court held an *ex parte* hearing on Defendant's motion seeking appointment of new counsel. *See* D.E. 118. During that hearing, the audio recording of which is sealed, Defendant complained about Mr. Grey, and Mr. Grey explained the numerous actions he had taken in the instant case on Defendant's behalf. Ultimately, the Court granted

Defendant's motion and appointed new counsel to represent Defendant in this matter. *See* D.E. 119.

Mr. Grey submits the pending Motion in an effort to procure a copy of the transcript of the *ex parte* hearing on Defendant's motion seeking new counsel. *See* D.E. 123. As Mr. Grey explains, he desires the transcript "[in] anticipation of defending against the Defendant's '1983 Civil Rights Complaint,' particularly the serious allegation that [Mr. Grey] arranged for the quartering of British soldiers in the Defendant's home against his will . . . ." *Id.* at 2.

A review of the Court's CM/ECF system reflects that, indeed, Defendant did file a civil action against Mr. Grey.[1] *See Singletary v. Grey*, Case No. 10-23737-CIV-SEITZ (S.D. Fla.) ("*Grey*"). In *Grey*, Mr. Singletary filed his complaint on October 18, 2010. *See Grey*, D.E. 1. To date, the docket sheet does not reflect that the complaint has been served on Mr. Grey.

Moreover, on November 8, 2010, the Honorable Patrick White entered an Order requiring Mr. Singletary either to pay the $350.00 filing fee or prepare and submit the application to proceed *in forma pauperis* by December 3, 2010, and cautioning Mr. Singletary that failure to comply with either alternative by December 3, 2010, would result in the issuance of a report and recommendation recommending dismissal. *See Grey*, D.E. 4. When December 3, 2010, came and went without Mr. Singletary's payment of the filing fee or filing of his *in forma pauperis* application, Magistrate Judge White issued a Report and Recommendation recommending dismissal of *Grey*. *See Grey*, D.E. 8. The Report and Recommendation further warns Mr. Singletary that even were he to comply with the filing requirements, his lawsuit appears doomed to fail on the merits under *Heck v. Humphrey*, 512 U.S. 477 (1994). Any objections to that Report and Recommendation are due by January 20, 2011.

---

[1] In the Eleventh Circuit, a district court may take judicial notice of public records within its files relating to the particular case before it or to other related cases. *Cash Inn of Dade, Inc. v. Metro. Dade Cty.*, 938 F.2d 1239, 1243 (11th Cir. 1991).

*See id.*

Based on these facts, it appears that Mr. Grey's Motion is, at once, not yet ripe and moot. Because Mr. Singletary has never apparently properly served Mr. Grey with the *Grey* lawsuit and, under the circumstances set forth in the *Grey* Report and Recommendation, may not ever do so, Mr. Grey may never have a need to defend against Mr. Singletary's "1983 Civil Rights Complaint." Accordingly, the pending Motion is not ripe at this time. Paradoxically, if the Honorable Patricia Seitz adopts Magistrate Judge White's *Grey* Report and Recommendation, Mr. Grey's pending Motion will simultaneously become moot, as Mr. Singletary's civil case against Mr. Grey will be dismissed and Mr. Grey will have no need to defend himself.

For these reasons, Mr. Grey's Motion to Unseal Transcript of the Hearing [D.E. 123] is hereby **DENIED WITHOUT PREJUDICE TO RENEW**, should circumstances change.

**DONE AND ORDERED** this 13th day of January 2011.

_____
ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. William J. Zloch

       Counsel of Record
       Jason Grey, Esq. (by United States mail)